IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Michael Lynn Turner, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>William W. Muse, et al., )<br>Defendants. ) | <br><br><br>1:14cv1060 (AJT/TCB) |

F I L E D
OCT 27 2014
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Michael Lynn Turner, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, naming as defendants William W. Muse, Chairman of the Virginia Parole Board; Harold W. Clarke, Director of the Virginia Department of Corrections; and Evert Simms, a counselor at Coffeewood Correctional Center. Plaintiff alleges that the defendants have violated his Fifth, Eighth, and Fourteenth Amendment rights by failing to release plaintiff on discretionary parole. Plaintiff also makes several common law tort claims against defendant Simms, including intentional infliction of emotional distress. Plaintiff has applied to proceed in forma pauperis in this action. After reviewing plaintiff's complaint, the claims must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.[1]

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

## I. Background

On December 5, 2007, plaintiff was released from the Brunswick Correctional Center on mandatory parole, with a minimum date of discharge from supervision of December 5, 2012. See Compl. 4; Ex. B. He was also directed to be on supervised release until December 15, 2012, "not at the direction of the parole officer." Id. On December 1, 2010, plaintiff was arrested for driving while intoxicated and refusing a breathalyzer test. Compl. 4. The charge was reduced to a reckless driving charge, of which plaintiff was convicted on March 30, 2011. Id.; see also Ex. C. On February 6, 2013, as a result of this conviction, the Virginia Parole Board revoked plaintiff's parole. Compl. Ex. C.

On August 2, 2013, the Virginia Parole Board denied plaintiff's release on discretionary parole, based in part on his prior failure to comply with the terms of his release. See id. Ex. D. Plaintiff alleges that defendant Muse, by revoking plaintiff's parole on February 6, 2013, conducted a "void hearing." Id. 6. Plaintiff also states that Muse exceeded the jurisdiction of the Virginia Parole Board by conducting a discretionary hearing in July 2013. Id. Plaintiff states that defendant Clarke, "by maintaining the unlawful procedure used by the [Virginia Parole Board]," violated plaintiff's Fourteenth Amendment Due Process rights. Id. Plaintiff requests compensatory and punitive damages from Muse and Clarke. Id. 9.

Plaintiff also states that defendant Simms "acted outside of his professional and official capacities of supervision," "violated all ethics and common law [sic] and demonstrated an unprofessional attitude," and "caused intentional infliction of mental and emotional distress." Id. 7 of 11. These allegations appear to relate to a conversation between plaintiff and Simms on June 25, 2013. At approximately 10:55 am, plaintiff asked Simms for a list of witnesses to call

---

        (2) seeks monetary relief from a defendant who is immune from such relief.

at his upcoming parole hearing. Simms responded "I don't have no fucking list! When I get the list I'll call you. Don't come to my door and knock on it for nothing." Id. Ex. E. Informal Compl. After plaintiff filed an informal and formal complaint about this incident, Coffeewood Correctional Facility staff investigated the incident, and advised Simms to be professional at all times. Id. Plaintiff requests compensatory and punitive damages from Simms. Compl. 9.

## II. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). To survive a 12(b)(6) motion, and thus state a claim under § 1915A(b)(1), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 663. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id. at 678, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 55. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

In addition, to state a claim under § 1983, plaintiff must prove that a person, acting under color of state law, violated his constitutional rights. Supervisory officials can only be liable for

constitutional violations of their subordinates in certain situations. . See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability is not premised on respondeat superior, but upon "recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slakan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decisionmaking chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. To establish supervisory liability under § 1983, a plaintiff must demonstrate:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Id. at 799 (citations omitted).

### III. Analysis

A. Defendant Muse

Plaintiff alleges that Muse violated plaintiff's Fifth, Eighth, and Fourteenth Amendment rights by "subject[ing] plaintiff to discretionary parole review beyond plaintiff's minimum date of discharge from supervision . . .;" failed to perform his administrative duties "by not directing [his] agency to correct a void proceeding . . .;" and violated state law. See Comp. 5-8. All of plaintiff's claims against Muse must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

First, plaintiff appears to name Muse as a defendant because he is the Chairman of the Virginia Parole Board. Plaintiff does not allege that Muse personally conducted any parole

4

hearings or played any personal role in the decision to deny plaintiff's parole. Thus, Muse is named as a defendant solely in his supervisory capacity. Plaintiff does not provide any evidence that Muse had knowledge of any constitutional violations by the staff running plaintiff's parole hearing, or that Muse showed deliberate indifference of any kind to plaintiff's needs. Thus, plaintiff has not shown any facts sufficient to hold Muse liable as a supervisor.

In addition, plaintiff has not alleged any facts that show that the policies and procedures of the Virginia Parole Board violated any of plaintiff's constitutional rights. Plaintiff provides no facts to support his Eighth Amendment allegation. He does not allege that the conditions of his confinement were unlawful, that Muse showed deliberate indifference to a serious medical need, or that Muse retaliated against him. Therefore, his Eighth Amendment claims must be dismissed. Plaintiff also fails to state a Due Process claim. Decisions to release an inmate on discretionary parole, due to the discretionary nature of the decision-making process, do not implicate the Due Process Clause. See, e.g., Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991) (citing Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 10 (1979)) ("When release on parole depends on informed predictions [about the inmate's ability to adjust to society], a prisoner cannot claim entitlement and therefore a liberty interest in the parole release."). Thus, the Virginia Parole Board's decision to deny plaintiff's discretionary parole on August 2, 2013 did not violate his Due Process rights.

To the extent that plaintiff argues that the Virginia Parole Board's decision to revoke his parole on February 2, 2013 was unconstitutional, he has also failed to state a claim. Virginia Code § 53.1-161 gives the Parole Board the authority to return any parolee "to the institution from which he was paroled, or any other correctional facility which may be designated by the Chairman or member" upon notice that the parolee has violated his parole. Va. Code Ann. §

53.1-161 (2000). Thus, there is no evidence to suggest that Muse exceeded any of the bounds of his administrative or legal authority.

B. Defendant Clarke

Plaintiff alleges that defendant Clarke violated plaintiff's Fifth, Eighth, and Fourteenth Amendment rights "by continuously maintaining custody over plaintiff where as [sic] the procedure used to maintain custody is void;" failed to perform his administrative duties; and violated state law. See Compl. 5-8.

To the extent that plaintiff's allegations against Clarke arise from the same events as plaintiff's allegations against Muse, plaintiff's claims against Clarke must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

C. Defendant Simms

Plaintiff alleges that Simms "acted outside of his professional and official capacities of supervision;" deliberately caused plaintiff emotional distress; failed to follow the mandatory code of ethics promulgated by the American Correctional Association; and failed to uphold his oath of compliance to these ethics standards. Because these claims fail to state a constitutional violation, they must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges only that Simms' actions caused him emotional distress. He does not state that Simms' actions constituted deliberate indifference or cruel and unusual punishment, nor does he provide any facts to support such allegations. Violation of state regulations is in itself, a constitutional violation, see Riccio v. County of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1999), and therefore, there is no constitutional question before the Court. Thus, to the extent that plaintiff's allegations against Simms constitute only a state-law tort claim, this Court has no jurisdiction to hear these claims. Therefore, his claims against Simms must be dismissed.

## VI. Conclusion

For the foregoing reasons, plaintiff's complaint must be dismissed, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order and Judgment shall issue.

Entered this 27th day of October 2014.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge